KENNETH S. GAINES, ESQ. SBN 049045
DANIEL F. GAINES, ESQ. SBN 251488
GAINES & GAINES, APLC
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367
Telephone: (818) 703-8985
Facsimile: (818) 703-8984
ken@gaineslawfirm.com
daniel@gaineslawfirm.com

SCOTT A. MILLER, ESQ.  SBN 230322
LAW OFFICES OF SCOTT
A. MILLER, APC
16133 Ventura Blvd., Ste. 645
Encino, CA 91436
Telephone: (818) 788-8081
Facsimile:  (818) 788-8080
scott.miller@smillerlawoffices.com

STEVEN L. MILLER, ESQ.
SBN 106023
STEVEN L. MILLER, APLC
16133 Ventura Blvd., Ste. 645
Encino, CA 91436
Telephone:  (818) 986-8900
Facsimile:  (818) 990-7900
stevenlmiller@sbcglobal.net

Attorneys for PLAINTIFFS and CLASS COUNSEL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ROBERT ADAMS, CHAD WELCH, JOSEPH WILLIAMS, and LAVAIL CHARLES, on behalf of themselves and all others similarly situated, and on behalf of the general public, <br><br> Plaintiffs, <br><br> v. <br><br> NEWELL RUBBERMAID, INC., a Delaware corporation, SMX CORP, INC., an Illinois corporation, SEATON CORP, INC., an Illinois Corporation, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: EDCV 08-1499 JTM (CTx) <br><br> **NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> DATE:  None <br> TIME:  None <br> JUDGE:  Hon. J. Thomas Marten |

**TO THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Robert Adams, Chad Welch, Joseph Williams, and LaVail Charles will move and hereby do move, without opposition by Defendants, for an Order granting final approval of this class action settlement. This application is made pursuant to Federal Rule of Civil Procedure 23(e), which requires court approval of the settlement of class actions.

This Motion will be based on the Memorandum of Points and Authorities, the Joint Stipulation of Settlement and Release Between Plaintiffs and Defendants (the "Stipulation" or "Settlement"), the Declaration of Scott A. Miller ("Miller Decl."), the Declaration Jackie Hitomi of CPT Group, Inc., and such evidence or oral argument as may be presented at the request of the Court, and on the complete records and file herein.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

1    Dated: January 13, 2010            Respectfully Submitted,

2                                       GAINES & GAINES, APLC

3
                                 By:  _____/s/_____
4                                     Kenneth S. Gaines, Esq.
                                      Daniel F. Gaines, Esq.
5                                     Attorneys  for  Plaintiffs  and  Class
                                      Counsel
6

7
                                      LAW   OFFICES   OF   SCOTT   A.
8                                     MILLER, APC

9
                                 By:  _____/s/_____
10                                    Scott A. Miller, Esq.
                                      Attorneys  for  Plaintiffs  and  Class
11                                    Counsel

12
                                      STEVEN L. MILLER, APLC
13

14
                                 By:  _____/s/_____
15                                    Steven L. Miller, Esq.
                                      Attorneys  for  Plaintiffs  and  Class
16                                    Counsel

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

# TABLE OF CONTENTS

I.      INTRODUCTION.................................................................1

II.     PROCEDURAL HISTORY AND SUMMARY OF CLAIMS.....4

    A. Preliminary Approval, Notice and the Claims Process...........6

    B. Summary of the Settlement Terms.....................................7

        1.  Benefits to the Settlement Class Members.........7

                a.  Seaton/SMX Labor Code Section 212/226
                    Class........................................................7

                b.  Newell Rubbermaid Labor Code Section
                    212 Class...................................................8

                c.  Seaton/SMX Labor Code Section 2699
                    Class........................................................9

                d.  Newell Rubbermaid Labor Code Section
                    2699 Class..................................................9

                e.  Seaton/SMX Hourly Employee Class.....10

                f.  Newell Rubbermaid Labor Code Section
                    226/Hourly Employee Class...............11

        2.  Other Settlement Terms............................12

III.    ARGUMENT...................................................................13

    A. The Notice Provided was the Best Practicable Under the
       Circumstances..............................................................13

    B. Final Settlement Approval is Warranted........................15

        1.  Each of the Relevant Criteria Supports Final
            Approval.................................................................17

                a.  The Strength of Plaintiff's Case Turns on
                    an Untested Area of Law Creating
                    Significant Risks to Plaintiffs and the
                    Classes....................................................17

                b.  The Complexity, Expense and Likely
                    Duration of Continued Litigation Weighs in
                    Favor of Final Approval.................18

                c.  The Value of the Settlement Favors Final
                    Approval...................................................19

1

2     d. Disclosure of Documents and Data Demonstrating the Strengths and Weaknesses of this Action was Completed Prior to Entering into the Settlement.......................................21

     e. The Experience and Views of Counsel Favor Final Approval.........................22

     f. Class Members' Positive Reaction to the Settlement Favors Final Approval.........23

C. The Settlement Classes Meet the Rule 23 Class Certification Requirements.................................................................24

   1. The Settlement Classes Are Sufficiently Numerous..............................................24

   2. The Settlement Classes Share Common Questions of Law and Fact.......................................24

   3. The Class Representatives' Claims are Typical of the Proposed Class Members'......................25

   4. The Class Representatives and Their Chosen Counsel are Adequate................................26

   5. The Settlement Classes also Satisfy the Rule 23(b) Requirements for Class Certification.......26

D. Court Approval of the PAGA Penalty Portion of the Settlement...............................................................27

IV.  CONCLUSION.......................................................27

# TABLE OF AUTHORITIES

## Cases

*Aguilar v. Melkonian Enters.*, 2006 U.S. Dist. LEXIS 80690
(E.D. Cal. Nov. 3, 2006)……………………………………………,,,,…15

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)………………......15

*Churchill Village, L.L.C. v. GE*, 361 F.3d 566
(9th Cir. 2004)………………………………………........2, 13, 14, 17

*Clark v. American Residential Services, LLC*, 175 Cal. App. 4th 785
(2009)………………………………………………………21, 22

*Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214 (9th Cir. 2007)…....……….......25

*Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794 (1996)…....……………21

*Franklin v. Kaypro*, 884 F.2d 1222 (9th Cir. 1989)……....………...…...13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)…....13, 17, 25, 27

*Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993)…………14

*White v. Nat'l Football League*, 41 F.3d 402 (8th Cir. 1994)…....………..15

## Statutes

28 U.S.C. § 1715……….....………………………………………6, 7

California Business and Professions Code §§ 17200…..…………………5

California Labor Code §§ 201-203………………………………………4

California Labor Code Section § 212………………………………*passim*

California Labor Code § 226………………………………………....*passim*

California Labor Code § 1194………………………………………......4

California Labor Code § 2698………………………………………20

Callifornia Labor Code § 2699……………………….....................*passim*

California Labor Code § 2802………………………………………4

**Rules**

Federal Rule of Civil Procedure 23...............................................*passim*


**Treatises**

Manual for Complex Litigation, Fourth (4th ed. 2004)

§ 21.632- 34...............................................................................16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   **INTRODUCTION**

By this unopposed motion, Plaintiffs Robert Adams, Chad Welch, Joseph Williams, and LaVail Charles ("Plaintiffs") and the members of the six settlement classes (collectively "Class Members", "Class" or "Settlement Class") seek final approval of the class action settlement reached with Defendants SMX, Inc., Seaton Corp., and Newell Rubbermaid, Inc. ("Defendants").

By a separate motion, filed concurrently herewith, Plaintiffs move for an award of attorneys' fees and costs, approval of the claims administrator's fees, and approval of the enhancement awards to the Class Representatives.

Subject to Court approval, Plaintiffs have settled the Released Claims of the Class Members as defined in the Joint Stipulation of Settlement and Release Between Plaintiffs and Defendants (the "Stipulation") against Defendants for up to $977,000. *See* Miller Decl., Exhibit ("Ex.")[1] A (Stipulation). This class action settlement ("Settlement") resolves the named Plaintiffs' and Class Members' pending Released Claims[2] against Defendants.

This motion follows a successful settlement administration following the Court's September 23, 2009 Order granting preliminary approval of the

---

[1] All "Ex." references herein are to the exhibits attached to the Declaration of Scott A. Miller in Support of the Motion for Final Approval of Class Settlement submitted herewith, unless otherwise noted.
[2] All capitalized terms are defined in the Stipulation and incorporated by reference herein.

1

1   Settlement. *See* Ex. B.

2        As discussed below, the proposed Settlement satisfies all of the

3   criteria for final settlement approval under federal law because it is fair,

4   adequate, and reasonable. Ex. A; *see Churchill Village, L.L.C. v. GE*, 361

5   F.3d 566, 575 (9th Cir. 2004). The positive response of the Class Members

6   to the Settlement provides strong support that final settlement approval is

7   appropriate. To date, 631 Class Members have submitted approved claim

8   forms seeking to participate in the Settlement.[3]   Declaration of Jackie

9   Hitomi of CPT Group, Inc. ("CPT"), the claims administrator for this action

10  ("Hitomi Decl.") at ¶ 17. Notably, not a single Class Member has objected

11  to any of the terms of the Settlement and only one Class Member has

12  chosen to opt out. *See id.* at ¶¶ 11, 15; Miller Decl. at ¶¶ 26, 44, 56.

13       If the Settlement receives final approval, the State of California's

14  Labor and Workforce Development Agency ("LWDA") will receive

15  $18,750 for education and enforcement of labor laws. Ex. A at ¶¶ 44(a)(i),

16  44(d)(i).   The Settlement allocates $6,250 for the members of the

17  Seaton/SMX Labor Code Section 2699 Class and the Newell Rubbermaid

18  Labor Code Section 2699 Class. *Id.* Based on the approved claims

19  submitted by Class Members to date, approximately 212 members of the

20  Seaton/SMX Labor Code Section 2699 Class and 17 members of the

21  Newell Rubbermaid Labor Code Section 2699 Class have submitted valid

22  claims and will receive monetary settlement awards calculated on a

23  prorated basis based on each Qualified Claimant's number of pay periods

24  during the applicable class period. *See* Hitomi Decl. at ¶ 18; Ex. A at ¶¶

25  44(a)(i), 44(d)(i).   All $6,250 allocated to the Labor Code Section 2699

26

27  [3] The Parties have agreed to accept all late-filed claims through January 7, 2010.

28

1    Classes will be distributed to the Qualified Claimants.  *Id.*

2         The Settlement allocates up to $567,775.32 for the Seaton/SMX

3    Labor Code Section 212/226 Class.  Ex. A at ¶ 44(e)(i).  Based on the

4    claims made to date, approximately 612 members of this Class will receive

5    monetary settlement payments averaging $68.80 each.[4]  *See* Hitomi Decl. at

6    ¶ 18.

7         The Settlement allocates up to $69,724.68 for the Newell

8    Rubbermaid Labor Code Section 212 Class.   Ex. A at ¶ 44(b)(i).

9    Approximately 25 members of this Class will receive monetary settlement

10   payments averaging $255.53 each. *See* Hitomi Decl. at ¶ 18.

11        The Settlement allocates up to $50,000 for the Seaton/SMX Hourly

12   Employee Class. Ex. A at ¶ 44(f)(i).  Approximately 612 members of this

13   Class will receive monetary settlement payments averaging $6.96 each.

14   *See* Hitomi Decl. at ¶ 18.

15        The Settlement allocates up to $7,500 for the Newell Rubbermaid

16   Labor Code Section 226/Hourly Employee Class.   Ex. A at ¶ 44(c)(i).

17   Approximately 18 members of this Class will receive monetary settlement

18   payments averaging $60.14 each. *See* Hitomi Decl. at ¶ 18.

19        In addition, as part of the Settlement, each of the Defendants has

20   made arrangements so that their current and future California employees

21   can take advantage of free check cashing services that are now in place for

22   them.  Ex. A at ¶ 34.  Because the Settlement achieves outstanding results

23   for the Settlement Classes, all of Defendants' current and future employees

24   and the State of California, Plaintiffs respectfully request, on behalf of the

25

26   _____

27   [4] Some individuals may be members of more than one settlement class.

28

Classes, that the Court approve the Settlement as fair, adequate, and reasonable, and enter judgment.

By a separate unopposed motion filed concurrently, Plaintiffs move for an order approving an attorneys' fee award of $189,000 and approving reimbursement of costs of $5,000 to Class Counsel as part of the Settlement in this case. Ex. A at ¶ 57. Plaintiffs also request the Court confirm the enhancement award agreed to be paid to Plaintiffs Robert Adams, Chad Welch, Joseph Williams, and LaVail Charles in the amount of $2,500 each. *See* Ex. A at ¶ 49(A). Finally, Plaintiffs seek approval of $53,000 in administration expenses to be paid to CPT Group, Inc., the firm retained to administer the settlement. Ex. A at ¶ 50.

## II.   PROCEDURAL HISTORY AND SUMMARY OF CLAIMS

On September 12, 2008, Plaintiffs brought this action in the Superior Court of the State of California, County of San Bernardino, on behalf of themselves and a proposed class of former and current employees of each of the Defendants. On October 10, 2008, Plaintiffs filed a First Amended Complaint. In the First through Fifth Causes of Actions, it alleges that Defendants 1) issued their employees paychecks drawn on out-of-state banks with no branches in California where they could be cashed on demand, without a fee (Labor Code § 212); 2) failed to pay all employees all wages owed (Labor Code § 1194); 3) failed to accurately itemize employees' wage statements (Labor Code § 226(a),(e)); 4) failed to pay employees all wages due timely upon termination or resignation (Labor Code §§ 201-203); and 5) failed to reimburse expenses incurred by employees in the performance of their job duties (Labor Code § 2802). Miller Decl. at ¶ 5.

4

1    The gravamen of Plaintiffs' complaint is that they and proposed Class
2   Members had to resort to paying check cashing fees to cash their paychecks,
3   which were deducted from their wages when they presented their paychecks
4   to be cashed.  In addition, Plaintiffs allege that the proposed Class Members
5   sometimes could not receive their wages on demand because a hold was
6   placed on their out-of-state paychecks.  Miller Decl. at ¶ 6.

7    The sixth and seventh causes of action in the First Amended
8   Complaint seek restitution under Business and Professions Code §§ 17200,
9   *et seq.* and penalties under Labor Code §§ 2699, *et seq.*  Miller Decl. at ¶ 7.

10    On October 24, 2008, Defendant Newell answered the First Amended
11   Complaint, denying all of Plaintiffs' allegations.

12    On October 27, 2008, Defendants Seaton/SMX removed the Action
13   to this Court, pursuant to the Class Action Fairness Act, 28 U.S.C. §
14   1441(b).  Defendant Newell joined in the Notice of Removal.

15    On October 31, 2008, Seaton/SMX filed a motion to dismiss and
16   strike portions of Plaintiffs' First Amended Complaint.  The hearing on this
17   motion was continued pending settlement discussions.

18    It was, and continues to be, each of the Defendants' position that their
19   employment practices with respect to the named Plaintiffs and the proposed
20   Class Members were always, and continue to be, in compliance with
21   California law.  They deny all liability to Class members.  Miller Decl. at ¶¶
22   8-9.

23    The Parties agreed to mediate all claims.  Prior to mediation, the
24   Parties exchanged substantial informal discovery.  Miller Decl. ¶¶ 10-11.
25   To make the mediation session as productive as possible, Plaintiffs' counsel
26   requested that Defendants produce detailed information regarding the size of

27
28

5

of the putative class, its policies as they relate to the allegations in the First Amended Complaint, and their issuance of paychecks during the relevant time period.  *Id.*  Defendants agreed and produced significant, relevant information to Plaintiffs' counsel which enabled the Parties to have a meaningful discussion of the merits of the case.

On December 16, 2008, the Parties participated in an 18 hour mediation session with Hon. Alexander Williams III (L.A.S.C., Retired), which resulted in an agreement in principle.  An additional four months were required to reach a final settlement.  In April, 2009, a formal settlement was reached.  All of the terms of the Parties' agreement are set forth in the Stipulation.  Miller Decl. at ¶ 11.

## A.    Preliminary Approval, Notice and the Claims Process

On September 14, 2009, Plaintiffs moved the Court for an order preliminarily approving the Settlement and provisionally certifying the Settlement Classes.  **By Order dated September 23, 2009, the Court granted the joint motion and provisionally certified the Settlement Classes, finding that the Settlement was in the range of reasonableness and fairness that could ultimately be given final approval.**  *See* Ex. B. The Court also approved the distribution of the Notice of Proposed Class Action Settlement and Final Fairness and Approval Hearing ("Notice") to Class Members.  Ex. B at ¶¶ 6-8.

On September 1, 2009 and September 30, 2009, pursuant to 28 U.S.C. § 1715(b), Defendants mailed notices to the appropriate State and Federal officials of the proposed class action settlement. Miller Decl. at ¶ 13; *see also*, Docket Nos. 24 and 25 (Proofs of Notification).  Because more than 90 days have passed since the date of the notice and no

6

1  objections have been received from any officials, a final order and

2  judgment may now be entered. *See* 28 U.S.C. § 1715(d).

3      Pursuant to the Court's preliminary order, on October 23, 2009, CPT

4  mailed the Notice to 10,432 Class Members. Hitomi Decl. at ¶ 5. As of

5  January 7, 2010, there were 621 approved claims. *Id.* at ¶ 18. Notably, **no**

6  **Class Member objected to the Settlement, and only one Class Member**

7  **chose to opt out.** *Id.* at ¶¶ 11, 15; *see also,* Miller Decl. at ¶¶ 17, 26, 44, 56.

8

9  **B.**    **Summary of the Settlement Terms**

10

11      **1.**    **Benefits to the Settlement Class Members**

12

13  The Stipulation provides for six settlement classes:

14      a.    The <u>Seaton/SMX Labor Code Section 212/226 Class</u> is

15  composed of all California current and former employees of Seaton

16  and/or SMX who received wages in the form of checks issued by an

17  out of state bank with no in state address for presentation in the State

18  of California between September 12, 2004 and September 23, 2009.

19  Up to $567,775.32 has been allocated to settle the claims of this

20  class, to be distributed to those Class Members who submit timely

21  claim forms verifying, among other things, that they were employed

22  by Seaton Corp. or SMX, Inc. at some point during the period

23  September 12, 2004 and September 23, 2009, that they received one

24  or more live paychecks from Seaton Corp. or SMX, Inc. drawn on a

25  LaSalle Bank account with an address in Illinois, and that either 1)

26  they paid a fee to cash one or more such paychecks and/or had a hold

27  placed on one or more such paychecks, or 2) they suffered an out-of-

28

7

pocket loss, verified by receipts or other similar documentation, as a result of Defendants' failure to provide itemized wage statements. Stip. at ¶ 44(e).  Members of this Settlement Class shall receive $567,775.32 divided by the total number of paychecks issued by Seaton Corp. and SMX, Inc. between September 12, 2004 and the September 23, 2009 for each paycheck issued to a Class Member, up to a maximum of 12 paychecks.  *Id.*  As of January 7, 2010, 612 Seaton/SMX Labor Code Section 212/226 Class Members had made approved claims averaging $68.80 each. Hitomi Decl. at ¶ 18.

       b.     The <u>Newell Rubbermaid Labor Code Section 212 Class</u> is composed of all California current and former employees of Newell Rubbermaid who received wages in the form of checks issued by an out of state bank with no in state address for presentation in the State of California between September 12, 2004 and September 23, 2009.  Up to $69,724.68 has been allocated to settle the claims of this class, to be distributed to those Class Members who submit timely claim forms verifying, among other things, that they were employed by Newell Rubbermaid at some point during the period September 12, 2004 and September 23, 2009, that they received paychecks drawn on a Bank of America Account in Atlanta, Georgia, from Defendant Newell Rubbermaid, and that they incurred a fee to cash such a paycheck on one or more occasions or incurred a hold placed on one or more paychecks. Stip. at ¶ 44(b). Members of this Settlement Class shall receive $69,724.68 divided by the total number of paychecks issued by Newell Rubbermaid to its California employees between September 12, 2004 and September

8

September 23, 2009, for each paycheck issued to a Class Member, up to a maximum of 12 paychecks. *Id.* As of January 7, 2010, 25 Newell Rubbermaid Labor Code Section 212 Class Members had made approved claims averaging $255.53 each. Hitomi Decl. at ¶ 18.

c.    The Seaton/SMX Labor Code Section 2699 Class is composed of all California current and former employees of Seaton and/or SMX who received wages in the form of checks issued by an out of state bank with no in state address for presentation in the State of California between September 12, 2007 and September 23, 2009. $22,222.23 has been allocated to settle the claims of this class. Pursuant to Labor Code § 2699(i), 75% of that amount ($16,666.67) will be distributed to the California Labor and Workforce Development Agency ("LWDA") for enforcement of labor laws and education of employers. All of the remaining 25% ($5,555.56) will be distributed to Seaton/SMX Labor Code Section 2699 Settlement Class members in proportion to their weeks worked during the relevant time period. Stip. at ¶ 44(d). The entire $5,555.56 will be paid out to members of this class who file timely and valid claims. *Id.* As of January 7, 2010, 212 Seaton/SMX Labor Code Section 2699 Class Members had made approved claims averaging $27.29 each. Hitomi Decl. at ¶ 18.

d.    The Newell Rubbermaid Labor Code Section 2699 Class is composed of all California current and former employees of Newell Rubbermaid who received wages in the form of checks issued by an out of state bank with no in state address for presentation in the State of California between September 12, 2007

9

and September 23, 2009.  $2,777.77 has been allocated to settle the claims of this class.  Pursuant to Labor Code § 2699(i), 75% of that amount ($2,083.33) will be distributed to the California Labor and Workforce Development Agency ("LWDA") for enforcement of labor laws and education of employers.  All of the remaining 25% ($694.44) will be distributed to Newell Rubbermaid Labor Code Section 2699 Settlement Class members in proportion to their weeks worked during the relevant time period.  The entire $694.44 will be paid out to members of this class who file timely and valid claims. Stip. at ¶ 44(a).  As of January 7, 2010, 17 Newell Rubbermaid Labor Code Section 2699 Class Members had made approved claims averaging $40.85. Hitomi Decl. at ¶ 18.

e.     The <u>Seaton/SMX Hourly Employee Class</u> is composed of all persons who are employed or have been employed as hourly employees by Seaton and/or SMX in the State of California between September 12, 2004 and September 23, 2009.  Up to $50,000 has been allocated to settle the claims of this class, to be distributed to those Class Members who submit timely claim forms verifying, among other things, that they were employed by Seaton Corp. or SMX, Inc. at some point during the period September 12, 2004 and September 23, 2009, the number of weeks they worked, and that they worked hours for which they were not paid in full and/or in a timely manner.  Stip. at ¶ 44(f).  Members of this Settlement Class shall receive $50,000 divided by the total number of weeks worked by Seaton Corp. and SMX, Inc. California employees between September 12, 2004 and September 23, 2009, times the number of

10

weeks they worked for Seaton Corp. or SMX, Inc. during that period. *Id.* As of January 7, 2010, 612 Seaton/SMX Hourly Employee Class Members had made approved claims averaging $6.96. Hitomi Decl. at ¶ 18.

      f.   The <u>Newell Rubbermaid Labor Code Section 226/Hourly Employee Class</u> is composed of all persons who are employed or have been employed as hourly employees by Newell Rubbermaid in the State of California between September 12, 2004 and September 23, 2009. Up to $7,500 has been allocated to settle the claims of this class, to be distributed to those Class Members who submit timely claim forms verifying, among other things, that they were employed by Newell Rubbermaid at some point during the period September 12, 2004 and September 23, 2009, the number of weeks they worked, and that they worked hours for which they were not paid in full and/or in a timely manner. Stip. at ¶ 44(c). Each claimant shall be entitled to an amount equal to $7,500 divided by the total number of weeks worked by all Newell Rubbermaid California employees between September 12, 2004 and September 23, 2009, times the number of weeks they worked for Newell Rubbermaid during that period. *Id.* As of January 7, 2010, 18 Newell Rubbermaid Labor Code Section 226/Hourly Employee Class Members had made approved claims averaging $60.14 each. Hitomi Decl. at ¶ 18.

Members of one class may be members of one or more other classes. The members of the settlement classes are referred to collectively as the "Class Members," and the six classes are referred to collectively as the

11

1   "Class."  For settlement purposes only, the Parties have stipulated that the

2   six settlement classes satisfy the requirements of Federal Rule of Civil

3   Procedure 23 for class certification. Stip. at ¶¶ 16, 25-29.

4          **2.     Other Settlement Terms**

5

6          Without admitting liability, each of the Defendants has made

7   arrangements so that their current and future California employees can take

8   advantage of free check cashing services that are now in place for them.

9   Ex. A at ¶ 34.

10         The Parties agreed to the designation of Gaines & Gaines, APLC,

11  Steven L. Miller, APLC, and the Law Offices of Scott A. Miller, APC as

12  counsel for the Settlement Classes for all purposes in the case ("Class

13  Counsel"). Ex. A at ¶ 4.

14         The Parties also agreed that Class Counsel will seek, and Defendant

15  and Defendant's Counsel will not dispute, the Court's approval of an

16  attorneys' fee award in an amount not to exceed $189,000 (equivalent to

17  19.3% of the total settlement value) to compensate Class Counsel for all

18  work performed and to be performed through final dismissal of the case and

19  complete implementation of the Settlement. Ex. A at ¶ 57.  The Parties also

20  agreed that Class Counsel will be paid an amount not to exceed $5,000 to

21  cover out-of-pocket costs incurred, subject to verification of costs by the

22  Court. *Id.*  The Parties have agreed that up to $152,530 for Class Counsel's

23  awarded attorneys' fees and costs shall be deducted from the Seaton/SMX

24  Maximum Settlement Amount and up to $41,470 shall be deducted from

25  the Newell Rubbermaid Maximum Settlement Amount. *Id.*

26         The Stipulation also provides that, subject to the Court's approval,

27  Plaintiffs Robert Adams, Chad Welch, Joseph Williams, and LaVail

28

12

Charles will each receive an enhancement of up to $2,500 for serving as Class Representatives. Ex. A at ¶ 49(A).

The Parties selected CPT as the neutral claims administrator to perform all acts related to all payments to Plaintiffs, Class Members, the LWDA, and Class Counsel. Ex. A at ¶ 55. CPT handled all communications to and from Class Members, including determining (within the parameters of the Settlement) a Class Member's eligibility to participate in this Settlement. *Id.* The Stipulation allocated up to $53,000 for claims administration fees, based on the sending of notices to over 10,400 employees. *Id.* at ¶ 50, 55

## III.   **ARGUMENT**

The policy of the federal courts is to encourage settlement before trial. *See Churchill Village*, 361 F.3d at 575 (noting "strong judicial policy" favoring settlements, provided they were reached through arms-length, non-collusive negotiations); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement); *Franklin v. Kaypro*, 884 F.2d 1222, 1225 (9th Cir. 1989). "Litigation settlements offer parties and their counsel relief from the burdens and uncertainties inherent in trial…[t]he economics of litigation are such that pretrial settlement may be more advantageous for both sides than expending the time and resources inevitably consumed in the trial process." *Franklin*, 884 F.2d at 1225.

### A.   **The Notice Provided was the Best Practicable Under the Circumstances**

Federal Rule of Civil Procedure 23(c)(2) requires that the class

13

1   members receive "the best notice practicable under the circumstances."

2   Fed. R. Civ. P 23(c)(2); *see also*, *Churchill Village*, 361 F.3d at 575.

3   "Notice is satisfactory if it 'generally describes the terms of the settlement

4   in sufficient detail to alert those with adverse viewpoints to investigate and

5   to come forward and be heard.'" *Churchill Village*, 361 F.3d at 575;

6   *Torrisi v. Tuscon Elec. Power Co.,* 8 F.3d 1370, 1374 (9th Cir. 1993)

7   (notice must present a fair recital of the subject matter and give class

8   members an opportunity to be heard).

9       On September 23, 2009 the Court granted preliminary approval of

10  the Settlement and authorized the distribution of the proposed Notice. *See*

11  Ex. B (September 23, 2009 Order); *see also*, Ex. A (Stipulation, Exhibit 1

12  (Notice)).   The court-approved Notice advised Class Members of the

13  essential terms of the Settlement, defined the Settlement Classes, set forth

14  the procedure for opting out of the Classes or filing objections to the

15  Settlement and provided specifics on the date, time and place of the final

16  fairness hearing.   *See* Ex. A (Stipulation, Exhibit 1).   The Notice also

17  provided the details of the case and the proposed settlement and the

18  specific options available to Class Members.  In particular, it informed each

19  Class Member of the settlement formulas, thereby enabling Class Members

20  to make an informed decision about whether to opt out, submit a claim

21  form or take other or no action.  In short, the Notice provided all essential

22  information that enabled Class Members to exercise their rights and make

23  informed decisions regarding the proposed settlement.

24      On October 23, 2009, CPT, the claims administrator, sent the Notice

25  and Claim Form packets via first class mail to the last known address of

26  each Class Member. Hitomi Decl. at ¶ 7.  Federal courts have made clear

27

28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

that individual mailings to each Class Member's last known address is a sufficient form of notice, particularly where efforts are made to locate new addresses for any undelivered notice packets.   *See e.g., Aguilar v. Melkonian Enters.*, 2006 U.S. Dist. LEXIS 80690, at *13 (E.D. Cal. Nov. 3, 2006) (granting preliminary approval of parties' plan to mail notice to class members' last known address as identified through Defendants' records and to re-mail any returned mail, if necessary); *see also, White v. Nat'l Football League*, 41 F.3d 402, 408 (8th Cir. 1994), *abrogated on other grounds by Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 618-620 (1997).   CPT made reasonable efforts to locate any Class Members whose notice packets were returned.  Hitomi Decl. at ¶¶ 6-9.

The notice procedure also provided adequate time for Class Members to submit claim forms, make objections, or opt out of the Settlement Class. Ex. A at ¶¶ 54-56.   For Class Members who submitted a deficient claim form, the Claims Administrator provided notice of the deficiency and adequate opportunity to cure the defect, if subject to cure. Hitomi Decl. at ¶ 6, 8, 9.   The Parties have agreed to accept all late-filed claims through January 7, 2010.

The Notice approved by the Court at the preliminary approval stage was the best notice practicable under the circumstances and fairly apprised Class Members of the proposed settlement terms and their options.

**B.     Final Settlement Approval is Warranted**

Pursuant to Federal Rule of Civil Procedure 23(e), the court must approve any proposed class action settlement.   Court approval of class action settlements requires the following steps:

(1)    Preliminary approval of the proposed settlement at a preliminary hearing;

(2)    Dissemination of mailed and/or published notice of the settlement to all affected Class members; and

(3)    A "formal fairness hearing," or final settlement approval hearing, at which Class Members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*Manual for Complex Litigation, Fourth* (4th ed. 2004) ("*Manual*") § 21.632- 34.

The first two steps of this process are now complete.  The first step was completed on September 14, 2009 and September 23, 2009, when this Court conducted a hearing and then granted preliminary approval to the Settlement.  Ex. B.  In doing so, the Court determined that the Settlement was within the range of possible final approval and that notice to the Class Members of the Settlement's terms and of the scheduling of the formal fairness hearing should be distributed. Ex. B at ¶ 2, 6.

The second step in the class action settlement approval process, dissemination of the Notice, is complete as well.  In accordance with the Court's preliminary approval order, the Parties worked with CPT to implement the Court-approved notice program, which employed the best practicable means to disseminate to all Class Members notice of the Settlement terms as well as the date and time of the final approval hearing. Pursuant to the Court's order, CPT sent the Notice to Class Members on October 23, 2009.

The last step in the class action settlement approval process is the

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

final approval hearing, at which the Court shall finally conclude whether the Settlement is fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e)(2). At the final approval hearing, scheduled on January 11, 2009, Class Members will have the opportunity to be heard regarding the Settlement, and Class Counsel will present evidence and argument in support of the Settlement.  At the conclusion of the final approval hearing, the Court will decide whether to grant final approval of the Settlement and whether to enter a final order and judgment.

### 1.    Each of the Relevant Criteria Supports Final Approval

When evaluating the fairness, reasonableness, and adequacy of a settlement, courts consider some or all of the following factors: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in the settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the class members to the proposed settlement.  *Churchill Village*, 361 F.3d at 576; *Hanlon*, 150 F.3d at 1026. In addition, the Court must determine that the settlement was not the product of collusion between the negotiating parties.  *Churchill Village*, 361 F.3d at 576; *Hanlon*, 150 F.3d at 1026.

### a.    The Strength of Plaintiffs' Case Turns on an Untested Area of Law Creating Significant Risks to Plaintiffs and the Classes

A critical factor in determining the strength of Plaintiffs' case is the fact that there is very little authority on the application of Labor Code § 212 in the present context.    Miller Decl. at ¶¶ 4, 19, 39 (to Counsel's

17

1  knowledge, there are only two published decisions in other cases on Labor
2  Code § 212 in this context; Class Counsel Steven L. Miller and Scott A.
3  Miller represented plaintiffs in both cases).  Plaintiffs maintain that they
4  would succeed at trial.  Defendants, on the other hand, maintain that they
5  would succeed in defeating Plaintiffs' claims, either through summary
6  judgment or before the trier of fact.  However, given the overall lack of
7  authority on the disputed issues here, there is uncertainty as to how the
8  question of Defendants' liability under Labor Code § 212 would be
9  resolved at trial.

10      Such uncertainty regarding the interpretation of Labor Code § 212
11  strongly supports that the Settlement is a good compromise for absent Class
12  Members.   The Class Members submitting valid claims will receive
13  monetary benefits and avoid the risks of proceeding with a trial on an
14  untested theory of liability.  *See* Miller Decl. at ¶¶ 21, 22, 39.

### b.   The Complexity, Expense and Likely Duration of Continued Litigation Weighs in Favor of Final Approval

18      Employment class action cases are expensive and time-consuming to
19  prosecute.  However, this case presents a more difficult situation than most,
20  given the lack of legal authority surrounding the interpretation of Labor
21  Code § 212.  Continued litigation of this action against Defendants would
22  likely be complex and expensive, due to the size of the class and the nature
23  of the claims.  Miller Decl. at ¶¶ 4, 19, 39.

24      Furthermore, the Settlement avoids the need for a contested class
25  certification motion that would be time consuming and costly for Plaintiffs
26  to file, Defendants to oppose, and the Court to decide.  In addition, if the

27

28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

1  Court were to deny such a motion for class certification, Class Members
2  would be left without a group remedy, and the issues presented here would
3  need to be litigated individually in a piecemeal, costly, and time-consuming
4  fashion.    The Settlement also avoids a lengthy trial or trials that likely
5  would have involved testimony by numerous witnesses and experts. *See*
6  Miller Decl. at ¶¶ 21, 27, 38, 39.

7        Extensive, complex litigation will also result in substantial financial
8  risk to Class Members.  SMX, Inc. and Seaton Corp. are staffing companies
9  who employ or employed the vast majority of Class Members.    The
10  economic climate in the employee staffing industry is particularly
11  challenging during the present economic recession.  The risk that extended
12  litigation and/or a substantial judgment against these Defendants would
13  render them insolvent was a factor strongly considered prior to entering
14  into the Settlement.  Miller Decl. at ¶ 20.

           **c.**     **The Value of the Settlement Favors Final**
                     **Approval**

17        Under the Settlement, Defendants have agreed to pay up to a total of
18  $977,000 (including attorneys' fees, costs, Plaintiffs' enhancements, and
19  costs of claims administration). Ex. A. at ¶ 37.  Without admitting liability
20  for any violation of law, each of the Defendants has made arrangements so
21  that their current and future California employees can take advantage of
22  free check cashing services that are now in place for them.  Ex. A at ¶ 34.

23        The Settlement provides for substantial benefits in terms of a cash
24  settlement payable in one payment and paid not long after the
25  commencement of the litigation.  Miller Decl. at ¶ 24.

26        Upon commencing this Action, Plaintiffs promptly conducted formal

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

1    and informal discovery regarding all Labor Code violations alleged.

2    Defendants provided sufficient information to quickly establish that many

3    of the claims alleged in the First Amended Complaint – specifically, those

4    for wages for time worked off-the-clock and expense reimbursement – had

5    little, if any, merit (and value).  Plaintiffs established that their claims under

6    *Labor Code* § 212 were likely their strongest claims.  As such, most of the

7    Maximum Settlement Amount is allocated to resolve these claims.  Miller

8    Decl. at ¶ 27.

9    The amounts for which Class Members are eligible are not only in-

10   line with other similar settlements, but also commensurate with the value of

11   the claim adjusted for risk.  Class Counsel believes the maximum value of

12   this case, were Plaintiffs to prevail at trial on a classwide basis, is

13   approximately $1,994,400 (the vast majority of which accounts for

14   discretionary penalties).  The maximum settlement value here represents a

15   49% recovery.   In reaching this settlement, Class Counsel cautiously

16   factored 1) the risk of Defendants defeating class certification (which

17   would effectively preclude any recovery for most class members, whose

18   claims are too small to warrant individual suits), 2) the risk of Defendants

19   prevailing on the merits at trial, in a novel area of law with little case law to

20   guide the Court, 3) that the Court has discretion to reduce the penalties

21   awarded pursuant to the Private Attorneys General Act, *Labor Code* § 2698

22   *et. seq.*, 4) that the Class' actual damages represent only a small portion of

23   the recovery sought, with discretionary penalties representing the

24   remainder, and 5) that Plaintiffs' costs will increase exponentially as the

25   matter moves forward; in the event Plaintiffs prevail at trial, the amount

26   payable to the Class would effectively be reduced as a result.   Class

27

28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

1  Counsel strongly believes the settlement represents a fair compromise of
2  the Class' claims.  Miller Decl. at ¶ 28.

3      In short, the benefits obtained by the Class are substantial in relation
4  to the claimed harm suffered by the Class.  Accordingly, the value of the
5  settlement – in both monetary and non-monetary terms – justifies the final
6  approval of the Settlement.

### d.    Disclosure of Documents and Data Demonstrating the Strengths and Weaknesses of this Action was Completed Prior to Entering into the Settlement

The extent of discovery that has been completed and the stage of the litigation are factors that courts consider in determining the fairness of a settlement.  *See Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794, 1801 (1996); *see also Clark v. American Residential Services, LLC*, 175 Cal. App. 4th 785 (2009).  The Settlement was reached only after the Parties exchanged substantive information through informal discovery, as well as apprised each other of their respective factual contentions, legal theories, and defenses.  Thus, the Parties negotiated the proposed Settlement with ample knowledge of the strengths and weaknesses of this case and the amounts necessary to compensate Settlement Class Members for their estimated damages.

The Parties engaged in extensive good-faith, arms-length negotiations, including an 18 hour mediation session conducted before an experienced mediator and subsequent extended settlement discussions. Miller Decl. at ¶ 11.  Given the nature of claims, tentative recovery for the Classes, and other settlement terms, the fact that this settlement was negotiated at arms-length is inescapable.

21

The Maximum Settlement Amount falls within a realistic range of outcomes at trial. Prior to commencing settlement discussions, and continuing thereafter until a settlement was finally reached, Class Counsel engaged in an exhaustive review of facts, evidence, and statistics necessary to establish the strengths and weaknesses of the Class' claims, the strengths and weaknesses of Defendant's potential defenses, and a range of potential outcomes at trial. *See Clark*, 175 Cal. App. 4th at 801. Class Counsel concluded that the largest recovery which the Class could anticipate at trial, if certification was granted and if the class prevailed on all meritorious theories in the Complaint, was approximately $1,994,400. This would represent restitution and substantial discretionary penalties resulting from Defendants' alleged violation of Labor Code § 212. Miller Decl. at ¶ 27. The maximum settlement amount of $977,000 represents a recovery of 49% of the maximum. As such, Class Counsel strongly believes that this represents a fair, reasonable, and adequate compromise of the Class' claims. Miller Decl. at ¶ 27-28.

### e.    The Experience and Views of Counsel Favor Final Approval

Class Counsel support the Settlement as fair, adequate, reasonable, and in the best interests of the Settlement Classes as a whole. Class Counsel believe this Settlement to be an excellent result for Settlement Class Members. *See* Miller Decl. at ¶¶ 4, 21-28, 44.

The endorsement of qualified and well-informed counsel of the settlement as fair is entitled to significant weight. Class Counsel have significant experience in class action litigation, particularly in the employment context. *See* Miller Decl. at ¶¶ 2-4, 19, 37. As previously

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1   mentioned, Class Counsel was among the first in the State of California to
2   represent plaintiffs with claims under Labor Code § 212 and address the
3   sufficiency of those claims before a court. Class Counsel are of the opinion
4   that the Settlement is fair and in the best interest of the Class Members.
5   Miller Decl. at ¶¶ 19, 37.

### f.    Class Members' Positive Reaction to the Settlement Favors Final Approval

Finally, and perhaps most importantly, courts examine the reaction of class members to determine if a settlement that directly affects their interests should be approved as fair, adequate, and reasonable. As of January 7, 2010, 631 Class Members had filed a valid claim. *See* Hitomi Decl. at ¶ 17.

Class Counsel have collectively litigated over a dozen cases similar to this one, with claims pursuant to Labor Code § 212 and related penalties pursuant to Labor Code § 2699; the claims rates in this case are consistent with those in other cases and have all been finally approved by California State and Federal Courts. Miller Decl. at ¶ 19-20.

Of most importance is the fact that no Class Member has objected to the Settlement here. Hitomi Decl. at ¶ 15. Moreover, only 1 Class Member has chosen to opt out of the Settlement. *Id.* at ¶ 11. In this action, the Court should construe the overwhelming non-opposition to and participation in the Settlement as strong indications of Class Members' support for the Settlement as fair, adequate, and reasonable.

For all of the reasons stated above, the Settlement proposed in this action is fair, reasonable and adequate.

---

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### C. The Settlement Classes Meet the Rule 23 Class Certification Requirements

In the preliminary approval order, the Court conditionally held that, for settlement purposes, the Settlement Classes satisfy the class certification criteria of Fed. R. Civ. P. Rule 23. Ex. B at ¶ 3. For the reasons discussed herein, the certification of the Settlement Classes for settlement purposes should be confirmed in a final approval order.

#### 1. The Settlement Classes Are Sufficiently Numerous

The numerosity requirement is satisfied when joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). According to Defendant's records, there are over 150 members in each of the Settlement Classes. Miller Decl. at ¶ 32. Each of the six Settlement Classes is sufficiently numerous such that joinder is impracticable.

#### 2. The Settlement Classes Share Common Questions of Law and Fact

To qualify for certification, proposed class members must share common questions of fact and law. Fed. R. Civ. P. 23(a)(2). Here, significant questions common to the members of each Settlement Class include whether Defendants issued paychecks to them during the Class Period that did not meet the criteria set forth in Labor Code § 212, and whether Class Members paid check cashing fees as a result. Further common questions turn on Defendants' employment practices as applied to all Class Members, including whether wage statements issued by Defendants to Class Members comply with California law, whether Defendants' pay all employees for all hours worked, and whether

24

1   Defendants timely paid their employees upon termination and/or
2   resignation.   Thus, commonality exists among the Settlement Class
3   members.

### 3. The Class Representatives' Claims are Typical of the Proposed Class Members'

6   Typicality is satisfied if the Class Representatives' claims share a
7   common element with the class claims because they arise from a common
8   practice or course of conduct. *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214,
9   1232 (9th Cir. 2007) (typicality satisfied where injuries Class Members
10  suffered were caused by defendant's alleged common practice across many
11  Wal-Mart stores); *see also, Hanlon*, 150 F.3d at 1019 ("representative
12  claims are 'typical' if they are reasonably coextensive with those of absent
13  Class Members; they need not be substantially identical").    Plaintiffs
14  Robert Adams, Chad Welch, Joseph Williams, and LaVail Charles, the
15  proposed Class Representatives, each has claims typical of the other Class
16  Members' claims.  Plaintiffs allege that they, like the other Class Members,
17  were employed by one or more of the Defendants and were subject to the
18  Labor Code violations alleged in the Action, including the receipt of live
19  paychecks that were drawn on an out-of-state bank without any California
20  branches. Plaintiffs allege that, as a result, they were forced to incur check
21  cashing fees to obtain their wages.   Defendants allegedly did not make
22  arrangements to provide Plaintiffs and other Class Members with a means
23  to cash their paychecks in California without charge.   Also, because the
24  paychecks were drawn on an out-of-state bank, Plaintiffs allege that they
25  and other Class Members could not receive their wages on demand when
26  they presented their paychecks for cashing.   Plaintiffs' and the Class

27
28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

Members' claims are based on alleged injuries due to Defendant's alleged common practice of failing to comply with the provisions of the California Labor Code. Thus, the typicality requirement is satisfied in this case. Miller Decl. at ¶ 35.

### 4. The Class Representatives and Their Chosen Counsel are Adequate

In the preliminary approval order, the Court approved Plaintiffs Robert Adams, Chad Welch, Joseph Williams, and LaVail Charles as the class representatives. Ex. B at ¶ 4. Each of the Plaintiffs has demonstrated that they will vigorously represent the interests of the Class Members. Miller Decl. at ¶ 36. Furthermore, Plaintiffs retained competent counsel, experienced in employment class actions, to represent the Classes. Miller Decl. at ¶¶ 2-4, 37; *see also*, Ex. B at ¶ 4 (approving Plaintiffs' chosen counsel as Class Counsel).

### 5. The Settlement Classes also Satisfy the Rule 23(b) Requirements for Class Certification

The Settlement Classes also meet the requirements of Federal Rule of Civil Procedure Rule 23(b)(3). Rule 23(b)(3) requires common questions of law or fact to predominate over questions affecting individual Class Members, and the class action to be superior to other methods for efficient adjudication of the claims. Here, the claims involve Defendant's common employment practices, including their issuance of paychecks which allegedly do not comply with the requirements of California law. These alleged violations apply to all Class Members in the same manner. Common questions of law and fact, specifically whether Defendants issued paychecks to Class Members that met the requirements of Labor Code §

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1    212 and whether Class Members could cash the paychecks only by paying
2    a check cashing fee, predominate over any individual questions.

3        Furthermore, a class action is the superior method for settling this
4    controversy because the claims of the individual Class Members are
5    relatively small, making it uneconomical and essentially unfeasible for
6    them separately to litigate their claims. *See Hanlon*, 150 F.3d at 1023
7    (finding class action superior where costs of individual claims would dwarf
8    individual recovery).

9        **D.**    **Court Approval of the PAGA Penalty Portion of the**
10            **Settlement**

11       Pursuant to California Labor Code section 2699(l), the court must
12   review and approve the settlement of penalties sought under that Labor
13   Code section. Cal. Lab. Code § 2699(l). For all of the reasons stated
14   above, the Settlement is fair, reasonable and adequate, and should be
15   approved. As part of the Settlement, Defendants have agreed to pay a
16   combined total of $25,000 to settle the claims of the two Labor Code
17   Section 2699 Classes, of which the substantial payment of $18,750 will be
18   paid to the California Labor and Workforce Development Agency. This
19   portion of the Settlement should be approved.

20   **IV.**   **CONCLUSION**
21

22       For all the foregoing reasons, Plaintiffs requests that the Court grant
23   final approval of this Settlement and approve distribution of the settlement
24   funds to the State of California and all Settlement Class Members, as set
25   forth in the Stipulation.

26

27

28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

Dated: January 13, 2010

Respectfully Submitted,

GAINES & GAINES, APLC

By: _____/s/_____
Kenneth S. Gaines, Esq.
Daniel F. Gaines, Esq.
Attorneys for Plaintiffs and Class
Counsel

LAW OFFICES OF SCOTT A.
MILLER, APC

By: _____/s/_____
Scott A. Miller, Esq.
Attorneys for Plaintiffs and Class
Counsel

STEVEN L. MILLER, APLC

By: _____/s/_____
Steven L. Miller, Esq.
Attorneys for Plaintiffs and Class
Counsel

28